UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chance Martens,

        Plaintiff,                            Case No. 25-cv-11565
                                                 Hon. Nancy G. Edmunds

v.

Reinig, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

This is a *pro se* prisoner civil rights case. Michigan state prisoner Chance Martens is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He asserts claims under 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, which the Court has granted. (ECF No. 2, 5.) Because he is proceeding *in forma pauperis*, the Court is authorized to screen the case and dismiss it in its entirety or in part at any time if it determines the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Martens asserts that corrections officers used excessive force when he was tased on January 19, 2024, and failed to provide medical care in the aftermath. He alleges violations of the Eighth and Fourteenth Amendments. For the reasons discussed, the Court dismisses Martens' Fourteenth Amendment claim.

## I. Standards of Review

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

2

## II. Complaint

Martens names five corrections officers as defendants: Reinly, Stembock, Buley-Neumas, Garcia, and John Doe. The events giving rise to his complaint stem from a January 19, 2024, incident at the St. Louis Correctional Facility. Martens claims that he was given conflicting instructions from defendants regarding where he was supposed to be. (ECF No. 1, PageID.9.) The defendant officers interpreted Martens' actions as noncompliance. (*Id.*) In the process of trying to handcuff Martens, Defendant Stembock tased Martens multiple times in his spine. (*Id.*) Defendants then dragged Martens to segregation while he screamed out in pain and ignored his requests for medical attention. (*Id.* at PageID.13.) He claims he now has chronic back and neck pain, insomnia, and mental and emotional distress. (*Id.* at PageID.13-14.)

## III. Discussion

Martens claims that Defendants' use of excessive force and their deliberate indifference to his medical needs violated his rights under the Eighth and Fourteenth Amendments.

States are obligated under the Constitution to provide medical care to incarcerated people. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). The source of the right depends on whether the inmate is a convicted prisoner or pretrial detainee. The Eighth Amendment is the source of protection for convicted prisoners;

the Fourteenth Amendment protects pretrial detainees. *See Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 315 (6th Cir. 2023); *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citations omitted) (explaining that the Eighth Amendment forbids cruel and unusual punishment through acts of deliberate indifference whereas the Fourteenth Amendment's Due Process Clause provides corresponding protection to a pretrial detainee). At the time of the alleged constitutional violations, Martens was—and remains—a convicted prisoner. Accordingly, the Eighth Amendment provides the applicable standard, and the Fourteenth Amendment claim will be dismissed.

## IV. Conclusion

For the reasons stated, Plaintiff's Fourteenth Amendment claim fails to state a claim for which relief may be granted and is DISMISSED.

IT IS SO ORDERED.

/s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

DATED: July 22, 2025

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 22, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager